STATE OF CONNECTICUT *v.* MARK A. BRESCIA
(AC 30969)

Gruendel, Harper and Beach, Js.

Argued June 1—officially released August 17, 2010

*Kent Drager*, senior assistant public defender, for the appellant (defendant).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Seth R. Garbarsky*, assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Mark A. Brescia, appeals from the judgment of the trial court dismissing his

motion to correct an illegal sentence in accordance with Practice Book § 43-22.[1] The defendant claims that the court improperly concluded that it lacked subject matter jurisdiction and thus the dismissal was improper.[2] We affirm the judgment dismissing the motion.

The following facts, as found by the court, and procedural history are relevant to our disposition of the present appeal. On March 10, 2006, while at a hearing scheduled on the pretrial calendar,[3] the defendant delivered vulgar and disrespectful verbal attacks[4] to the court, *Rubinow, J.*, and exhibited other physical conduct[5] that interfered with the orderly business of the court. The defendant was adjudged to be in contempt of court. In preparation for the contempt hearing later that day, the court asked the defendant if he was in need of medical attention. The defendant, through his attorney, declined such assistance.

---

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[2] The court also, in the alternative, denied the motion on its merits. Because we conclude that court properly dismissed the motion, we need not consider any argument related to the merits of the motion.

[3] On March 15, 2005, the defendant pleaded guilty to burglary in the third degree in violation of General Statutes § 53a-103, conspiracy to commit forgery in the first degree in violation of General Statutes §§ 53a-48 and 53a-138, and larceny in the sixth degree in violation of General Statutes § 53a-125b. The guilty pleas were accepted by the court, *M. Taylor, J.*, and sentencing was deferred to a later date.

[4] The transcript reveals the following colloquy:

"The Court: Well, the court indicated today that there was a specific sentence that the court found is fair and appropriate. If your client doesn't want to accept that, that's fine, and he can go on a jury list and see what a judge does with the case after trial.

"[The Defendant]: Then fucking put me on the jury list, motherfucker.

"The Court: Thank you.

"[The Defendant]: Fuck you."

[5] The transcript reveals that the defendant resisted the judicial marshal's efforts to bring him gently into the lockup.

After the defendant had the opportunity to meet and consult with his attorney concerning the implications of his courtroom behavior and also after dealing with the defendant's other pending matters, the court held a summary contempt hearing in accordance with General Statutes § 51-33.[6] The defendant voluntarily, and without inquiry, admitted that his conduct had constituted contempt. The court found the defendant guilty of summary criminal contempt and sentenced him to serve six months pursuant to § 51-33.

On March 24, 2006, the court, *M. Taylor, J.*, sentenced the defendant following his guilty pleas in pending criminal matters. See footnote 3 of this opinion. The court clearly indicated that these sentences were to be served "consecutive" to the March 10, 2006, sentence of criminal contempt, after the contempt sentence was completed. The court also notified the defendant of his opportunity to challenge timely the six month criminal contempt sentence.

On September 9, 2008, the defendant completed serving his criminal contempt sentence.[7] Thereafter, on September 17, 2008, he filed a motion to correct an illegal sentence in the Superior Court. He argued that the court imposed the criminal contempt sentence in an illegal manner, deviating from the conditions established by Practice Book § 43-22 because "the court had before it incomplete information—and did not provide a 'cooling off period' for [the] [d]efendant, through counsel to

---

[6] General Statutes § 51-33 provides: "Any court, including a family support magistrate, may punish by fine and imprisonment any person who in its presence behaves contemptuously or in a disorderly manner; but no court or family support magistrate may impose a greater fine than one hundred dollars or a longer term of imprisonment than six months or both."

[7] The fact that the defendant completed his sentence on September 9, 2008, does not give rise to mootness concerns in the present appeal. As our Supreme Court has recognized, a criminal contempt conviction invariably has collateral consequences beyond the imposition of jail time. See *Rowe* v. *Superior Court*, 289 Conn. 649, 654–59, 960 A.2d 256 (2008).

elicit, investigate, and prepare mitigating information" before imposing the penalty.

In ruling on the motion to correct, the court, *Rubinow, J.*, held that it lacked subject matter jurisdiction over the motion to correct and dismissed the defendant's motion. The court also held that, even if the court had jurisdiction under Practice Book § 43-22, the motion would be denied on its merits. The defendant has appealed from the dismissal of his motion to correct an illegal sentence.

At issue in this appeal is the propriety of the defendant's motion to correct an illegal criminal contempt sentence pursuant to Practice Book § 43-22. The defendant contends that the court improperly determined that it lacked jurisdiction to consider his motion. The state argues that the judgment from which the defendant appealed in the present case is an adjudication of criminal contempt, which can only be reviewed by writ of error. We agree with the state's argument. Our review of the arguments raised in support of the motion to correct reveals that the defendant, in substance, challenges the procedures followed at the contempt proceeding and contempt judgment.

There is no dispute that the judgment rendered in this case was one of criminal contempt. "A contempt judgment is a reviewable final action. Where the contemptuous conduct occurs outside of the presence of the court, and the court acts on the motion of one of the parties, the contempt judgment is reviewable by appeal . . . and this is true even if the contempt sanctions imposed are criminal in nature. . . . Review of adjudications of criminal contempt, however, has been on a more restricted procedural basis when the contemptuous conduct occurred in the presence of the court and a summary adjudication of contempt was made. In *Whiteside* v. *State*, 148 Conn. 77, 78–79, 167

A.2d 450 (1961), the Supreme Court stated that in such instances [t]he sole method of review is by writ of error. . . .

"The summary punishment of persons who behave contemptuously or disorderly in the presence of the court is specifically authorized by General Statutes § 51-33. This power has been recognized as essential to the administration of justice. Without the power, a court would be helpless against persons disposed to obstruct, delay or thwart it. . . . A court exercises considerable discretion in dealing with contemptuous conduct occurring in its presence, and its summary adjudication is accorded a presumption of finality. An adjudication of contempt is final and may be reviewed only on questions of jurisdiction such as whether the court had authority to impose. the punishment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt. . . . From necessity the court must be its own judge of contempts committed within its presence. In such a case it may act of its own motion without any charge, formal or otherwise, being presented, without evidence, and solely upon facts within its own knowledge. If it has jurisdiction, there can be no review of its action." (Citations omitted; internal quotation marks omitted.) *State* v. *Melechinsky*, 36 Conn. Sup. 547, 549–50, 419 A.2d 900 (1980).

The court in the present case made a summary adjudication of contempt on the basis of disrespectful verbal attacks and other physical conduct that interfered with the orderly business of the court. Because the conduct occurred in the presence of the court and the court made a summary adjudication of contempt on that basis, the sole method to review this determination was by writ of error. Id., 550. Because the defendant has not properly challenged the court's summary adjudication by writ or error, a presumption of finality must be

given to the court's exercise of discretion in response to contemptuous behavior in its presence. Id., 551.

We conclude, therefore, that a writ of error was the appropriate vehicle to attack the court's summary adjudication of contempt. *Vasquez* v. *Superior Court*, 102 Conn. App. 394, 409, 925 A.2d 1112, cert. denied, 284 Conn. 915, 931 A.2d 935 (2007). Because the defendant improperly challenges the criminal contempt judgment by a motion to correct an illegal sentence, we affirm the judgment of the trial court that it lacked subject matter jurisdiction to entertain the defendant's motion.

The judgment is affirmed.

In this opinion the other judges concurred.